UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                       CRIMINAL ACTION NO. 3:12CR-143-S

GARY T. MEREDITH                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of two motions filed by the United States:

(1) Motion for disclosure concerning which charges the defendant, Gary T. Meredith, intends to assert a defense of reliance on advice of counsel,[1] disclosure of the identities of any attorney-witnesses he intends to call at trial, and disclosure of documents relating to the advice received. (DN 76).

(2) Motion *in limine* to preclude defendant Meredith from asserting the defenses of entrapment by estoppel and reliance on the advice of counsel. (DN 86).

For the reasons set forth herein, the motions will be denied.

Meredith tendered proposed jury instructions per this court's pretrial order. Among those tendered were instructions concerning entrapment by estoppel and reliance on the advice of counsel.

---

[1] Reliance on advice of counsel is not an affirmative defense, but rather negates the element of intent. As noted in *United States v. Stevens*, 771 F.Supp.2d 556, 565 (D.Md. 2011), "Though often referred to as the 'advice of counsel defense,' this label is actually a misnomer...An affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.' Black's Law Dictionary 482 (9th ed. 2009). By contrast, the advice of counsel 'defense' negates the defendant's wrongful intent, and therefore demonstrates an absence of an element of the offense – *mens rea*."

The United States then filed motions to obtain information concerning Meredith's grounds for tendering these instructions.

The United States seeks to have the defendant disclose the charges to which he contends the reliance on advice of counsel defense applies. Such disclosure would require the defendant to reveal his trial strategy pretrial. The United States seeks disclosure of the identities of attorneys who the defendant intends to call as witnesses at trial. The United States thus seeks a witness list from the defendant. The United States moves the court to compel the defendant to immediately disclose all documents from all attorneys that are related to the subject matter of the advice of counsel defense. The United States appears to seek materials which are outside the purview of Fed.R.Crim.P. 16(b).

The United States bears the burden of proving the defendant guilty of the crimes charged beyond a reasonable doubt. A defendant need not put on any evidence at all. Meredith need not provide the United States with any information pretrial beyond that which is required to be disclosed under Fed.R.Crim.P. 16(b) or unless otherwise ordered by the court. The United States has cited no authority for any of these requested pretrial disclosures.[2]

The premise of the motion is that Meredith "has made clear that he intends to rely upon the advice of counsel defense." (DN 100, p. 4). However, the defendant has done nothing more than tender a proposed jury instruction which may or may not be requested and may or may not be warranted at the close of the evidence at trial. Meredith has not revealed his trial strategy, nor is he required to do so.

The United States urges the court to order the pretrial production of attorney-client documents relating to the subject matter of the attorney advice purportedly relied upon, on the

---

[2] We note particularly Rule 16(b)(1)(C)'s disclosure requirements for witnesses from whom expert testimony will be elicited.

ground that it will avoid a prolonged delay during the trial for the court to address the extent to which the defendant has waived the attorney client privilege, and to permit the United States an opportunity to review any documents thus produced. The United States has provided no authority to compel pretrial disclosure beyond the bounds of Rule 16 with which Meredith has indicated he has fully complied. The court finds no necessity for compelling such discovery. The motion for pretrial discovery will be denied.

The United States also moved for an order *in limine* to preclude the defendant from relying on or presenting evidence concerning the defenses of entrapment by estoppel and reliance on the advice of counsel. (DN 86). Again, the impetus for the filing of this motion was Meredith's tendered proposed jury instructions filed pursuant to this court's order.

The United States proposes to require Meredith to proffer evidence in advance of trial in order for the court to assess whether he can make a *"prima facie* showing" that he possesses evidence "legally sufficient to support the defense[s]." In the absence of such a showing, the United States would have the court preclude him from asserting these defenses at trial.

The United States cites a series of cases in its briefs in an effort to support its proposed pretrial procedure. However, no court compelled a defendant to proffer his evidence pretrial. Rather, a critical reading of each case reveals that the evidence was proffered or adduced in a variety of contexts which differ from the case at bar:

(1) Evidence proffered in connection with the entry of a conditional guilty plea (*United States v. Pardue*, 385 F.3d 101 (1st Cir. 2004); *United States v. Ridner*, 512 F.3d 846 (6th Cir. 2008).

(2) The defendant raised the matter on his own motion (*United States v. Stacy*, 734 F.Supp.2d 1074 (S.D.Cal. 2010);

(3) The defendant filed a motion to dismiss (*United States v. Booker*, 557 F.Supp2d 153 (D.Me. 2008); or

(4) The question arose during trial (*United States v. Ellis*, 168 F.3d 558 (1st Cir. 1999)(cited in *Pardue, supra.*)); *United States v. Bailey*, 100 S.Ct. 624 (1980).

Additionally, in other cases, evidence had already come to light, such as a finding of mental retardation in *United States v. Johnson*, 416 F.3d 464 (6th Cir. 2005), which the United States argued, via a *limine* motion, would be legally insufficient to establish a required element of the defense of duress, and should therefore be precluded.

All of the United States' proffered cases presented a far different scenario than we have here. Rather than target any particular evidentiary issue, the United States has, essentially, moved *in limine* for the defendant to lay out his evidence pretrial. To date, Meredith has done nothing more than tender proposed jury instructions. He should not be compelled to produce his trial evidence, if any, pretrial. Questions of relevance and the sufficiency of the evidence to establish a given defense, or the defendant's entitlement to a jury instruction may be raised in the ordinary course.

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the United States for pretrial disclosures (DN 76) and for an order *in limine* (DN 86) are **DENIED.**

**IT IS SO ORDERED.**

March 5, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**