UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                      CRIMINAL ACTION NO. 3:12-CR-00143-CRS

GARY T. MEREDITH                                                                            DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on Defendant's motion (1) to compel production of electronically stored information in a usable format, or in the alternative to dismiss the case, and (2) to compel production of electronically stored *Brady* material. For the reasons set forth below, the Court will deny Defendant's motion.

### BACKGROUND

The instant motion concerns the Government's production of discovery in this matter. The United States began producing discovery in February 2013 and has continued to provide discovery. This discovery includes several DVDs containing emails and documents, copies of four computer hard drives ("imaged" hard drives) from Defendant's and others' computers, a hard drive with extracted emails and documents from those imaged hard drives, a hard drive containing records obtained during a search warrant executed at Nolin RECC on July 28, 2014, a thumb drive containing the Forensic Tool Kit Report of two of the imaged hard drives, audio files of relevant interviews, and paper documents. Pl.'s Resp. Def.'s Mot. Compel Prod. Evid. 1-

1

5, ECF No. 150. Both parties acknowledge that discovery has been extensive and the electronic evidence includes approximately 300GB of data, not including the imaged hard drives. Def.'s Mot. Compel Prod. Evid. 1, ECF No. 142-2. All files are searchable using common applications, such as Microsoft Office, Mozilla Thunderbird, Adobe Acrobat, or X1. Pl.'s Resp. Def.'s Mot. Compel Prod. Evid. 5, ECF No. 150. The Government also provided Defendant with written directions on finding specific documents, a Discovery Index and color-coded Media Review Index, and orally explained how the Government used search terms in reviewing the documents. *See* Pl.'s Resp. Def.'s Mot. Compel Prod. Evid. 2, ECF No. 150; *id.* at 150-1, 150-2, 150-3.

Defendant brought this motion to compel the United States to provide electronically stored discovery in a more usable format, or in the alternative to dismiss the case. Additionally, Defendant moved to compel the Government to direct Defendant to any electronically stored *Brady* evidence.

**DISCUSSION**

1. The Production of Electronically Stored Information in a Usable Format, or Dismissal of the Case

The Federal Rules of Criminal Procedure "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. In matters of discovery, "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Court may order the government's manner of production to be in a format usable by the defendant. *See United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010). There is a dearth of precedent, however, suggesting what constitutes sufficiently usable discovery and Fed. R. Crim. P. 16, which governs discovery in

criminal cases, does not illuminate the issue. *Id.* (noting Fed. R. Crim. P. 16 "contains no indication that documents must be organized or indexed"). In rare scenarios, the Court may dismiss an indictment with prejudice due to a combination of the government producing voluminous, tainted, and incomplete discovery. *See, e.g.*, *United States v. Graham*, No. 1:05-CR-45, 2008 WL 2098044, at *5 (S.D. Ohio May 16, 2008).

The Court agrees that the Government has fulfilled its discovery production obligation in this matter at least pertaining to the manner and format of the electronically stored information. The Government did provide approximately 300 GB of data and four imaged computer hard drives. However, the Government collected into a separate hard drive all document and email files from the imaged drives, two of which were from Defendant's own desktop and laptop computers. The Government acknowledges that discovery has been extensive, Pl.'s Resp. Def.'s Mot. Compel Prod. Evid. 2, ECF No. 150, but that alone does not justify compelling a re-production of discovery. The United States has provided Defendant with discovery that is term-searchable by common applications also used by the United States for its own search purposes. The Government also provided Defendant with written and oral assistance in regard to finding specific documents. *Id.* at 2 n.2.

Defendant contends that the majority of the data is superfluous because it includes personal and irrelevant emails, and that professional processing and review of the discovery with "industry standard tools" would cost nearly $300,000, which Defendant requests the Government pay. Def.'s Mot. Compel Pro. Evid. 5, ECF No. 142-2. Using the Government-suggested search functions, according to Defendant, would increase the cost of this review and would risk missing scanned files without searchable text when searching in Microsoft Outlook. Pl.'s Resp. Def.'s Mot. Compel Prod. Evid. 2-3, ECF No. 156. Defendant fails to address whether these files are

searchable in other programs the United States suggested or the extent of those non-searchable files. The Government is under no obligation to provide discovery that is searchable by a particular application or in a specific fashion favored by a party. *See Warshak*, 631 F.3d at 296.

Further, Defendant's discovery expert found that of the two selected imaged hard drives he reviewed, 88% and 93% of the included files, respectively, were system or program files containing no user-generated or reviewable content. Jeff Stoneking Decl.1, ECF No. 156-1. For ease of searching for both itself and Defendant, however, the Government included only documents and email files from the imaged hard drives on an additional hard drive. That the Government also included the imaged drives, which are also term-searchable, does not suggest the evidence is not usable. Rather, this supports the contention that the Government ensured it provided usable, searchable evidence in various accessible formats: on the original imaged computer and collected on a centralized hard drive to enable streamlined document searching. It is further immaterial that not all the documents on the hard drives are material to the case. Term searchable electronic discovery, as the Government points out, has replaced reviewing evidence page by page and allows Defendant to use the evidence to find relevant material.

This Court does not interpret the Government's obligation to include providing only evidence that would be helpful to Defendant's case or searchable using Defendant's preferred search tools. The United States must provide discovery that is usable "to provide for the just determination of [the] criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. The Government fulfilled that obligation by providing evidence in a format searchable by multiple common applications, collecting document and email files from imaged hard drives on a separate

hard drive, and providing oral and written assistance in searching for files, including a color-coded and categorized Media Review Index.

The Court will deny Defendant's motion to compel production of electronically stored information in a usable format. Likewise, the Court will deny Defendant's motion to dismiss the case as the discovery produced is sufficient.

2. The Production of Electronically Stored *Brady* Material

"As a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *Warshak*, 631 F.3d at 297 (6th Cir. 2010) (citing *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009)). There is, however, a higher standard if prosecutorial misconduct occurs. *Id.* Articulated by the Sixth Circuit in *Warshak*, the Court may find the Government abdicated its duty under *Brady* if (1) the Government pads discovery with irrelevant documents, (2) makes access to discovery "unduly onerous," or (3) deliberately conceals exculpatory evidence in voluminous discovery. 631 F.3d at 298. Voluminous discovery by itself does not run afoul of *Brady*. *Id.*

Defendant argues that the Government padded discovery when it failed to cull unusable files on the imaged hard drives. The United States has produced the evidence it obtained as a result of its investigation. The particular hard drives referenced in Defendant's complaint were those drives taken from his laptop and desktop, as well as those from two other individuals directly involved in the facts of the case. This evidence was found pursuant the Government's investigation, not material padded onto that evidence. Furthermore, the discovery is not unduly onerous to access. The Government has provided the majority of electronic discovery in a searchable format via common applications along with a Discovery Index and Media Review

5

Index to assist with searching the discovery. Lastly, there is no evidence available supporting the contention that the Government is deliberately concealing *Brady* materials in discovery.

The Court will deny Defendant's motion to compel production of electronically stored *Brady* information.

A separate order will be entered in accordance with this opinion.

September 21, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**